UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Maria del Carmen Mendez Castro; Ramiro Gonzalez Juarez; Rodrigo Galindo Gutierrez; Jahir Alfonso Vergara Maza; Jose Luis Gonzalez Juarez; Sara Mendez Castro; Brandon Brito Gonzalez; Marco Antonio Olivares Perez; Roberto Antonio Cuamba Razo; and John Doe 1-20.<br><br>Plaintiffs,<br><br>v.<br><br>MIDWEST RIDES and Concessions Inc.; Mad-Jax Amusements Inc., including dba Midwest Rides and Concessions; James Waknitz; Rochelle Waknitz; ATJ Labor Consulting LLC; Alejandro Trevino Jr.; T.J. Reinke; and John Doe,<br><br>Defendants. | Case No. 0:16-cv-00014-DWF-SER<br><br><br><br>**PROTECTIVE ORDER** |

Based upon the parties' Amended Stipulation for Protective Order, and the reasons cited therein, the Court, being fully advised in this matter, makes the following Order:

IT IS SO ORDERED:

1. As used in the Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as **Exhibit A**.

2. A Party may designate a document "Confidential", to protect information within the scope of Fed. R. Civ. P. 26(c).

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

(a) the Court and its staff;

(b) Attorneys, their law firms, and their Outside Vendors;

(c) persons shown on the face of the document to have authored or received it;

(d) court reporters retained to transcribe testimony;

(e) the parties;

(f) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5.  Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6.  Each person appropriately designated pursuant to paragraphs 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7.  All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript.

The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota. Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the parties may seek further protections against public disclosure from the Court.

10. Any party may request a change in the designation of any information designated "Confidential". Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

11. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

12. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

14. The obligations imposed by the Protective Order shall survive the termination of this action.

15. If a party files documents containing Confidential information with the Court, such filings shall be in compliance with the Electronic Case Filing Procedures for the District of Minnesota and the Court's governing pretrial scheduling order addressing the service and delivery of "Confidential" materials on a party opponent and the Court. The parties understand that designation by a party, including a third party, of a document as "Confidential" (including documents designated as "Confidential—Attorneys' Eyes

Only") pursuant to this Protective Order cannot be used as the sole basis for filing the document under seal in connection with a nondispositive, dispositive or trial-related motion.  Only those documents and portions of a party's submission (including those portions of affidavits, exhibits and memorandum of law) which otherwise meet the requirements of protection from public filing (e.g. a statute, rule or regulation prohibits their disclosure; they are protected under the attorney-client privilege or work product doctrine; or they meet the standards for protection articulated in Fed. R. Civ. P. Rule 26(c)(1)(G)) shall be filed under seal.  If the party submitting a document produced and designated as "Confidential" by another party in support or opposition to a motion believes that any such document should not be filed under seal, then sufficiently in advance of the submission, the party shall request the party designating the document as "Confidential" to permit the document to be publically filed, and the designating party shall respond to the request within two business days of the request (a) by indicating whether the designating party agrees or objects to the public filing of the document, and (b) for any objection, by explaining why the document meets the requirements of protection from public filing.  If the party designating the document as "Confidential" objects to the public filing of any document, then the document shall be filed under seal, and at the same time as it is filed, the party filing the document under seal must notify in writing the party who designated the document as "Confidential" and the Court hearing the motion for which the sealed document is being submitted of the dispute regarding the filing of the document under seal, and at the hearing these parties shall address with the Court whether the document should or should not remain sealed.  The party asserting that

the document should be filed under seal shall have the burden of proving that the document shall remain under seal.

**SO ORDERED:**

Dated:  July 14, 2016                                          *s/Steven E Rau*
                                                                                Steven E. Rau
                                                                                U.S. Magistrate Judge

# EXHIBIT A

# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in *Mendez Castro, et al. v. Midwest Rides and Concessions, Inc. et al.*, Case No. 0:16-cv-00014-DWF-SER, pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____       _____
                 (Date)                                                                (Signature)