# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Maria del Carmen Mendez Castro, Ramiro Gonzalez Juarez, Rodrigo Galindo Gutierrez, Jahir Alfonso Vergara Maza, Jose Luis Gonzalez Juarez, Sara Mendez Castro, Brandon Brito Gonzalez, Marco Antonio Olivares Perez, Roberto Antonio Cuamba Razo; Fernando Alarcon Garcia; Victor Hugo Medina Tinoco; Rafael Juarez Medrano; Jesus Antonio Perez Villa; Eduardo Sanchez Pineda; Fenando Tellez Herrera and John Doe 1-20, | Court File No.16-CV-00014 DWF/SER |
| | **DEFENDANTS MIDWEST RIDES AND CONCESSIONS, INC., MAD-JAX AMUSEMENTS, INC., D/B/A MIDWEST RIDES AND CONCESSIONS, JAMES WAKNITZ, ROCHELLE WAKNITZ, AND TEEJAY REINKE** |
| Plaintiffs, | **ANSWER TO AMENDED COMPLAINT** |
| v. | **JURY REQUESTED** |
| MIDWEST RIDES and Concessions Inc., Mad-Jax Amusements Inc., including dba Midwest Rides and Concessions, James Waknitz, Rochelle Waknitz, Alejandro Trevino Jr., Teejay Reinke, and John Doe, | |
| Defendants. | |

Defendants MIDWEST RIDES and Concessions, Inc., ("MIDWEST RIDES") Mad-Jax Amusements, Inc., d/b/a Midwest Rides and Concessions ("Defendant Midwest"), James Waknitz, Rochelle Waknitz, and Teejay Reinke (collectively "Defendants"),  by and through their attorneys, for their Answer to Plaintiffs' Amended Complaint, state the following:

## ANSWER

Defendants object to the wording of various headings throughout the Amended Complaint and, to the extent the headings are allegations, denies them. Any allegation not specifically admitted in the following answers is denied.

## JURISDICTION AND VENUE

1.      With regard to paragraph 1, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest subject-matter jurisdiction.

2.      With regard to paragraph 2, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest subject-matter jurisdiction.

3.      With regard to paragraph 3, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest subject-matter jurisdiction.

4.      With regard to paragraph 4, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest subject-matter jurisdiction.

5.      With regard to paragraph 5, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest subject-matter jurisdiction.

6.      With regard to paragraph 6, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest subject-matter jurisdiction.

7.      With regard to paragraph 7, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest supplemental jurisdiction.

8.      With regard to paragraph 8, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest personal jurisdiction.

9.      With regard to paragraph 9, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest personal jurisdiction.

10.     With regard to paragraph 10, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest personal jurisdiction.

11.     With regard to paragraph 11, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest personal jurisdiction.

12.     With regard to paragraph 12, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest personal jurisdiction.

13.     With regard to paragraph 13, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest personal jurisdiction.

14.     With regard to paragraph 14, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest personal jurisdiction.

15.     With regard to paragraph 15, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest venue.

16.     With regard to paragraph 16, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest venue.

17.     With regard to paragraph 17, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest venue.

18.     With regard to paragraph 18, Defendants state that it calls for a legal conclusion to which no response is necessary. Defendants do not contest venue.

## PARTIES

19.     With regard to paragraph 19, Defendants admit that all Plaintiffs are individuals.

20.     With regard to paragraph 20, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

21.     With regard to paragraph 21, Defendants are without sufficient information to either admit or deny the factual allegations therein as to Plaintiff Maria del Carmen Mendez Castro, and therefore deny them.

4

22.     With regard to paragraph 22, Defendants are without sufficient information to either admit or deny the factual allegations therein as to Plaintiff Jahir Alfonso Vergara Maza, and therefore deny them.

23.     With regard to paragraph 23, Defendants are without sufficient information to either admit or deny the factual allegations therein as to Plaintiff Sara Mendez Castro, and therefore deny them.

24.     With regard to paragraph 24, Defendants are without sufficient information to either admit or deny the factual allegations therein as to Plaintiff Rodrigo Galindo Gutierrez, and therefore deny them.

25.     With regard to paragraph 25, Defendants are without sufficient information to either admit or deny the factual allegations therein as to Plaintiff Jose Luis Gonzalez Juarez, and therefore deny them.

26.     With regard to paragraph 26, Defendants are without sufficient information to either admit or deny the factual allegations therein as to Plaintiff Brandon Brito Gonzalez, and therefore deny them.

27.     With regard to paragraph 27, Defendants are without sufficient information to either admit or deny the factual allegations therein as to Plaintiff Marco Antonio Olivares Perez, and therefore deny them.

28.     With regard to paragraph 28, Defendants are without sufficient information to either admit or deny the factual allegations therein as to Plaintiff Roberto Antonio Cuamba Razo, and therefore deny them.

29.     With regard to paragraph 29, Defendants are without sufficient information to either admit or deny the factual allegations therein as to Plaintiff Fernando Alarcon Garcia, and therefore deny them.

30.     With regard to paragraph 30, Defendants are without sufficient information to either admit or deny the factual allegations therein as to Plaintiff Victor Hugo Medina Tinoco, and therefore deny them.

31.     With regard to paragraph 31, Defendants are without sufficient information to either admit or deny the factual allegations therein as to Plaintiff Rafael Juarez Medrano, and therefore deny them.

32.     With regard to paragraph 32, Defendants are without sufficient information to either admit or deny the factual allegations therein as to Plaintiff Jesus Antonio Perez Villa, and therefore deny them.

33.     With regard to paragraph 33, Defendants are without sufficient information to either admit or deny the factual allegations therein as to Plaintiff Eduardo Sanchez Pineda, and therefore deny them.

34.     With regard to paragraph 34, Defendants are without sufficient information to either admit or deny the factual allegations therein as to Plaintiff Fernando Tellez Herrera, and therefore deny them.

35.     With regard to paragraph 35, Defendants are without sufficient information to either admit or deny the factual allegations therein Plaintiffs John Doe 1-20, and therefore deny them.

36.     With regard to paragraph 36, Defendants state that it calls for a legal conclusion to which no response is necessary. As to the remaining allegations in paragraph 30, if any, Defendants deny them.

37.     With regard to paragraph 37, Defendants admit that factual allegations therein.

38.     With regard to paragraph 38, Defendants admit the factual allegations therein.

39.     With regard to paragraph 39, Defendants deny the factual allegations therein.

40.     With regard to paragraph 40, Defendants admit that Defendant Midwest is actively engaged in commerce. As to the remaining allegations in paragraph 34, if any, Defendants deny them.

41.     With regard to paragraph 41, Defendants deny the factual allegations therein.

42.     With regard to paragraph 42, Defendants state that the document referenced speaks for itself.

43.     With regard to paragraph 43, Defendants state that the document referenced speaks for itself.

44.     With regard to paragraph 44, Defendants state that the document referenced speaks for itself.

45.      With regard to paragraph 45, Defendants admit the factual allegations therein.

46.      With regard to paragraph 46, Defendants state that the certificate speaks for itself.

47.      With regard to paragraph 47, Defendants state that the certificate speaks for itself.

48.      With regard to paragraph 48, Defendants state that the certificate speaks for itself.

49.      With regard to paragraph 49, Defendants admit the factual allegations therein.

50.      With regard to paragraph 50, Defendants admit the factual allegations therein.

51.      With regard to paragraph 51, Defendants deny the factual allegations therein.

52.      With regard to paragraph 52, Defendants admit the factual allegations therein.

53.      With regard to paragraph 53, Defendants deny the factual allegations therein.

54.      With regard to paragraph 54, Defendants deny the factual allegations therein.

55.      With regard to paragraph 55, Defendants state that the articles speak for themselves.

56.     With regard to paragraph 56, Defendants state that the certifications and visas speak for themselves. As for the remaining factual allegations in paragraph 50, if any, Defendants are without sufficient information to either admit or deny them, and therefore deny them.

57.     With regard to paragraph 57, Defendants state that it contains no factual allegations to which they need to respond. To the extent paragraph 51 contains any factual allegations, Defendants deny them.

58.     With regard to paragraph 58, Defendants state that it calls for a legal conclusion to which no response is necessary.

59.     With regard to paragraph 59, Defendants admit the factual allegations therein.

60.     With regard to paragraph 60, Defendants admit the factual allegations therein.

61.     With regard to paragraph 61, Defendants admit the factual allegations therein.

62.     With regard to paragraph 62, Defendants admit the factual allegations therein.

63.     With regard to paragraph 63, Defendants state that Plaintiffs' Amended Complaint speaks for itself. As to the remaining allegations in paragraph 63, if any, Defendants deny them.

64.     With regard to paragraph 64, Defendants state that Rochelle and James Waknitz own, and are officers of, Defendant Midwest and MIDWEST RIDES. With regard to the remaining allegations in paragraph 64, if any, Defendants deny them.

65.     With regard to paragraph 65, Defendants admit the factual allegations therein.

66.     With regard to paragraph 66, Defendants admit that Defendants James and Rochelle Waknitz are the shareholders and officers of Defendant Midwest. As to the remaining allegations in paragraph 66, if any, Defendants deny them.

67.     With regard to paragraph 67, Defendants deny the factual allegations therein.

68.     With regard to paragraph 68, Defendants deny the factual allegations therein.

69.     With regard to paragraph 69, Defendants deny the factual allegations therein.

70.     With regard to paragraph 70, Defendants deny the factual allegations therein.

71.     With regard to paragraph 71, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

72.     With regard to paragraph 72, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

73.     With regard to paragraph 73, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

74.     With regard to paragraph 74, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

75.     With regard to paragraph 75, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

76.     With regard to paragraph 76, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

77.     With regard to paragraph 77, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

78.     With regard to paragraph 78, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

79.     With regard to paragraph 79, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

80.     With regard to paragraph 80, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

81.     With regard to paragraph 81, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

82.     With regard to paragraph 82, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

83.     With regard to paragraph 83, Defendants admit that Teejay Reinke is a supervisor and employee of Defendant Midwest. As to the remaining factual allegations in paragraph 83, Defendants deny them.

84.     With regard to paragraph 84, Defendants admit that Teejay Reinke is related to Rochelle and James Waknitz. As to the remaining factual allegations in paragraph 84, if any, Defendants deny them.

85.     With regard to paragraph 85, Defendants state that Plaintiffs' Amended Complaint speaks for itself. As to the remaining allegations in paragraph 85, if any, Defendants deny them.

## STATEMENT OF FACTS

### Defendants and Related Companies

86.     With regard to paragraph 86, Defendants admit the factual allegations therein.

87.     With regard to paragraph 87, to the extent they understand it, Defendants state that Defendant Midwest operates independently. As to the remaining allegations in paragraph 81, if any, Defendants deny them.

88.     With regard to paragraph 88, Defendants admit the factual allegations therein.

89.     With regard to paragraph 89, Defendants admit the factual allegations therein.

90.     With regard to paragraph 90, Defendants admit that James and Rochelle Waknitz are shareholders, officers, and owners of Defendant Midwest. As to the remaining allegations in paragraph 90, Defendants deny them.

91.     With regard to paragraph 91, Defendants admit that all individuals listed therein are employees of Defendant Midwest. Defendants deny that all individuals listed are supervisors and agents of Defendant Midwest, and deny that all individuals listed are related by blood or marriage to James and Rochelle Waknitz.

92.     With regard to paragraph 92, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

93.     With regard to paragraph 93, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

94.     With regard to paragraph 94, Defendants state that Defendant ATJ assisted them in recruiting and temporary petitioning for foreign workers for the 2015 season. As to the remaining allegation in paragraph 94, Defendants deny them.

95.     With regard to paragraph 95, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

96.     With regard to paragraph 96, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

97.     With regard to paragraph 97, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

98.      With regard to paragraph 98, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

99.     With regard to paragraph 99, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

100.    With regard to paragraph 100, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

101.    With regard to paragraph 101, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

102.    With regard to paragraph 102, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

**Fraudulent H-2B Applications and Recruitment of Mexican Workers**

103.    With regard to paragraph 103, Defendants admit the factual allegations therein.

104.    With regard to paragraph 104, Defendants state that it calls for a legal conclusion to which no response is required.

105.    With regard to paragraph 105, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

106.    With regard to paragraph 106, Defendants state that it calls for a legal conclusion to which no response is required.

107.    With regard to paragraph 107, Defendants state that it calls for a legal conclusion to which no response is required.

108.    With regard to paragraph 108, Defendants state that it calls for a legal conclusion to which no response is required.

109.    With regard to paragraph 109, Defendants state that it calls for a legal conclusion to which no response is required.

110.    With regard to paragraph 110, Defendants state that it calls for a legal conclusion to which no response is required.

111.    With regard to paragraph 111, Defendants state that the application speaks for itself.

112.    With regard to paragraph 112, Defendants state that the application speaks for itself.

113.    With regard to paragraph 113, Defendants state that the application speaks for itself.

114.    With regard to paragraph 114, Defendants state that the application speaks for itself.

115.    With regard to paragraph 115, Defendants state that the application speaks for itself.

116.    With regard to paragraph 116, Defendants state that the application speaks for itself.

117.    With regard to paragraph 117, Defendants state that the application speaks for itself.

118.    With regard to paragraph 118, Defendants state that the application speaks for itself.

15

119. With regard to paragraph 119, Defendants state that the application speaks for itself.

120. With regard to paragraph 120, Defendants state that the application speaks for itself.

121. With regard to paragraph 121, Defendants state that the application speaks for itself.

122. With regard to paragraph 122, Defendants state that the application speaks for itself.

123. With regard to paragraph 123, Defendants state that the application speaks for itself.

124. With regard to paragraph 124, Defendants state that the application speaks for itself.

125. With regard to paragraph 125, Defendants state that the labor certification application speaks for itself.

126. With regard to paragraph 126, Defendants state that the application speaks for itself.

127. With regard to paragraph 127, Defendants state that the application speaks for itself.

128. With regard to paragraph 128, Defendants state that the application speaks for itself.

129. With regard to paragraph 129, Defendants state that the application speaks for itself.

16

130.    With regard to paragraph 130, Defendants state that the application speaks for itself.

131.    With regard to paragraph 131, Defendants state that the application speaks for itself.

132.    With regard to paragraph 132, Defendants state that the application speaks for itself. To the extent paragraph 132 contains any factual allegations, Defendants deny them.

133.    With regard to paragraph 133, Defendants state that the application speaks for itself. To the extent paragraph 133 contains any factual allegations, Defendants deny them.

134.    With regard to paragraph 134, Defendants state that the application speaks for itself.

135.    With regard to paragraph 135, Defendants state that the application speaks for itself.

136.    With regard to paragraph 136, Defendants state that the application speaks for itself.

137.    With regard to paragraph 137, Defendants state that the application speaks for itself.

138.    With regard to paragraph 138, Defendants state that the application speaks for itself.

139.    With regard to paragraph 139, Defendants state that the application speaks for itself.

140.    With regard to paragraph 140, Defendants state that the application speaks for itself.

141.    With regard to paragraph 141, Defendants are without sufficient information to either admit or deny the factual allegations related to Defendant ATJ Labor Consulting LLC's ("ATJ") calculations, and therefore deny them.

142.    With regard to paragraph 142, Defendants state that the application speaks for itself.

143.    With regard to paragraph 143, Defendants state that the application speaks for itself.

144.    With regard to paragraph 144, Defendants state that the application speaks for itself.

145.    With regard to paragraph 145, Defendants state that the application speaks for itself. With regard to any remaining factual allegations in paragraph 145, Defendants are without sufficient information to either admit or deny them, and therefore deny them.

146.    With regard to paragraph 146, Defendants state that it calls for a legal conclusion to which no response is required.

147.    With regard to paragraph 147, Defendants state that it calls for a legal conclusion to which no response is required.

148.    With regard to paragraph 148, Defendants deny the factual allegations therein.

149.    With regard to paragraph 149, Defendants state that the petition speaks for itself.

150.    With regard to paragraph 150, Defendants state that the petition speaks for itself.

151.    With regard to paragraph 151, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

152.    With regard to paragraph 152, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

153.    With regard to paragraph 153, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

154.    With regard to paragraph 154, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

155.     With regard to paragraph 155, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

156.    With regard to paragraph 156, Defendants state that Defendant Midwest notified ATJ of individuals who contacted Midwest directly. As to the remaining factual allegations in paragraph 156, Defendants are without sufficient information to either admit or deny allegations related to ATJ's actions, and therefore deny them.

157.   With regard to paragraph 157, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

158.   With regard to paragraph 158, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

159.   With regard to paragraph 159, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

160.   With regard to paragraph 160, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

161.   With regard to paragraph 161, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

162.   With regard to paragraph 162, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

163.   With regard to paragraph 163, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

164.    With regard to paragraph 164, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

165.    With regard to paragraph 165, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

166.    With regard to paragraph 166, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

167.    With regard to paragraph 167, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

168.    With regard to paragraph 168, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

169.    With regard to paragraph 169, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

170.    With regard to paragraph 170, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

171.   With regard to paragraph 171, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

172.   With regard to paragraph 172, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

173.   With regard to paragraph 173, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

174.   With regard to paragraph 174, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

175.   With regard to paragraph 175, Defendants deny the factual allegations therein.

176.   With regard to paragraph 176, Defendants deny the factual allegations therein.

177.   With regard to paragraph 177, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

178.   With regard to paragraph 178, Defendants state that it calls for a legal conclusion to which no response is required.

179. With regard to paragraph 179, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

180. With regard to paragraph 180, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

181. With regard to paragraph 181, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

182. With regard to paragraph 182, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

183. With regard to paragraph 183, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

184. With regard to paragraph 184, Defendants state that it calls for a legal conclusion to which no response is required. As to the remaining factual allegations in paragraph 184, if any, Defendants deny them.

185. With regard to paragraph 185, Defendants state that it calls for a legal conclusion to which no response is required. As to the remaining factual allegations in paragraph 185, if any, Defendants deny them.

186.    With regard to paragraph 186, Defendants state that it calls for a legal conclusion to which no response is required. As to the remaining factual allegations in paragraph 186, if any, Defendants deny them.

187.    With regard to paragraph 187, Defendants state that it calls for a legal conclusion to which no response is required. As to the remaining factual allegations in paragraph 187, if any, Defendants deny them.

188.    With regard to paragraph 188, Defendants state that it calls for a legal conclusion to which no response is required. As to the remaining factual allegations in paragraph 188, if any, Defendants deny them.

### The February Arrivals:  Plaintiffs Ramiro Gonzalez Juarez and Jahir Alfonso Vergara Maza

189.    With regard to paragraph 189, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

190.    With regard to paragraph 190, Defendants state that the visa speaks for itself. With respect to any remaining factual allegations in paragraph 190, Defendants are without sufficient information to either admit or deny them, and therefore deny them.

191.    With regard to paragraph 191, Defendants state that the visa speaks for itself. With respect to any remaining factual allegations in paragraph 191, Defendants are without sufficient information to either admit or deny them, and therefore deny them.

192.    With regard to paragraph 192, Defendants state that the visas speak for themselves. With respect to any remaining factual allegations in paragraph 192,

Defendants are without sufficient information to either admit or deny them, and therefore deny them.

193.   With regard to paragraph 193, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

194.   With regard to paragraph 194, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

195.   With regard to paragraph 195, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

196.   With regard to paragraph 196, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

197.   With regard to paragraph 197, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

198.   With regard to paragraph 198, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

199.   With regard to paragraph 199, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

200.   With regard to paragraph 200, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them. Defendants state that at some point after arriving in the United States, the Plaintiffs named in paragraph 200 began working for Midwest.

201.    With regard to paragraph 201, Defendants admit the factual allegations therein.

202.   With regard to paragraph 202, Defendants admit the factual allegations therein.

203.   With regard to paragraph 203, Defendants admit the factual allegations therein.

204.    With regard to paragraph 204, Defendants state that the Plaintiffs named therein began working with Defendant Midwest in February 2015. Defendants further state that the labor certification speaks for itself. As for the remaining factual allegations in paragraph 204, if any, Defendants deny them.

205.   With regard to paragraph 205, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

206.    With regard to paragraph 206, Defendants deny the factual allegations therein.

207.    With regard to paragraph 207, Defendants deny the factual allegations therein.

208.    With regard to paragraph 208, Defendants deny the factual allegations therein.

209.    With regard to paragraph 209, Defendants deny the factual allegations therein.

210.    With regard to paragraph 210, Defendants deny the factual allegations therein.

211.    With regard to paragraph 211, Defendants deny the factual allegations therein.

212.    With regard to paragraph 212, Defendants admit the factual allegations therein.

213.    With regard to paragraph 213, Defendants deny the factual allegations therein.

214.    With regard to paragraph 214, Defendants admit the factual allegations therein.

215.    With regard to paragraph 215, Defendants deny the factual allegations therein.

216.    With regard to paragraph 216, Defendants deny the factual allegations therein.

**The April Arrivals:  Plaintiffs Maria del Carmen Mendez Castro,
Sara Mendez Castro, Roberto Antonio Cuamba Razo and Fernando Alarcon Garcia**

217.  With regard to paragraph 217, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

218.  With regard to paragraph 218, Defendants state that the visa speaks for itself.

219.  With regard to paragraph 219, Defendants state that the visa speaks for itself.

220.  With regard to paragraph 220, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

221.  With regard to paragraph 221, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

222.   With regard to paragraph 222, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

223.  With regard to paragraph 223, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

224.   With regard to paragraph 224, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

225.   With regard to paragraph 225, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

226.   With regard to paragraph 226, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

227.   With regard to paragraph 227, Defendants state that at some point after arriving in the United States, the Plaintiff named in paragraph 227 began working for Midwest. Defendants admit that the Plaintiff named in paragraph 227 at times cared for Defendant Teejay Reinke's son.

228.   With regard to paragraph 228, Defendants deny the factual allegations therein.

229.   With regard to paragraph 229, Defendants admit that Plaintiff Maria del Carmen Mendez Castro did not work exclusively as an Amusement and Recreation Attendant. With regard to the remaining factual allegations in paragraph 229, if any, Defendants state that the visa speaks for itself.

230.   With regard to paragraph 230, Defendants admit the factual allegations therein.

231.   With regard to paragraph 231, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

232.   With regard to paragraph 232, Defendants admit the factual allegations therein.

233.   With regard to paragraph 233, Defendants admit the factual allegations therein.

234.   With regard to paragraph 234, Defendants deny the factual allegations therein.

235.   With regard to paragraph 235, Defendants state that, at times, the Plaintiff named therein was paid $325 in cash per week. With regard to any remaining factual allegations in paragraph 235, if any, Defendants deny them.

236.   With regard to paragraph 236, Defendants state that, at times, the Plaintiff named therein was paid $330 in cash per week. With regard to any remaining factual allegations in paragraph 236, if any, Defendants deny them.

237.   With regard to paragraph 237, Defendants deny the factual allegations therein.

238.   With regard to paragraph 238, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

239.   With regard to paragraph 239, Defendants state that the visa speaks for itself.

240.    With regard to paragraph 240, Defendants state that the visa speaks for itself.

241.    With regard to paragraph 241, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

242.    With regard to paragraph 242, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

243.    With regard to paragraph 243, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

244.    With regard to paragraph 244, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

245.    With regard to paragraph 245, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

246.    With regard to paragraph 246, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

247. With regard to paragraph 247, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

248. With regard to paragraph 248, Defendants admit the factual allegations therein.

249. With regard to paragraph 249, Defendants admit the factual allegations therein.

250. With regard to paragraph 250, Defendants deny the factual allegations therein.

251. With regard to paragraph 251, Defendants state that, at times, the Plaintiff named therein was paid $300 in cash per week. With regard to any remaining factual allegations in paragraph 251, if any, Defendants deny them.

252. With regard to paragraph 252, Defendants state that, at times, Plaintiff named therein was paid $325 in cash per week and deny the remaining allegations.

253. With regard to paragraph 253, Defendants deny the factual allegations therein.

254. With regard to paragraph 254, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

255. With regard to paragraph 255, Defendants state that the visa speaks for itself.

256.    With regard to paragraph 256, Defendants state that the visa speaks for itself.

257.    With regard to paragraph 257, Defendants state that the visa speaks for itself.

258.    With regard to paragraph 258, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

259.    With regard to paragraph 259, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

260.    With regard to paragraph 260 Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

261.    With regard to paragraph 261, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

262.    With regard to paragraph 262, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

263.    With regard to paragraph 263, Defendants admit the factual allegations therein.

264.    With regard to paragraph 264, Defendants admit the factual allegations therein.

33

265.   With regard to paragraph 265, Defendants deny the factual allegations therein.

266.   With regard to paragraph 266, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

267.   With regard to paragraph 267, Defendants state that the visa speaks for itself.

268.   With regard to paragraph 268, Defendants state that the visa speaks for itself.

269.   With regard to paragraph 269, Defendants state that the visa speaks for itself.

270.   With regard to paragraph 270, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

271.   With regard to paragraph 271, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

272.   With regard to paragraph 272, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

273.   With regard to paragraph 273, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

274.   With regard to paragraph 274, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

275.   With regard to paragraph 275, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

276.   With regard to paragraph 276, Defendants states the Plaintiff Fernando Alarcon Garcia performed certain services for Defendant Midwest related to is business operations.

277.   With regard to paragraph 277, Defendants state that, at times, the Plaintiff named therein was paid $300 in cash per week. With regard to any remaining factual allegations in paragraph 277, if any, Defendants deny them.

278.   With regard to paragraph 278, Defendants deny the factual allegations therein.

**The May Arrival:  Plaintiff Marco Antonio Olivares Perez, Victor Hugo Medina Tinoco, Rafael Juarez Medrano, Jesus Antonio Perez Villa, Eduardo Sanchez Pineda, and Fernando Tellez Herrera**

279.   With regard to paragraph 279, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

280.    With regard to paragraph 280, Defendants state that the visa speaks for itself.

281.    With regard to paragraph 281, Defendants state that the visa speaks for itself.

282.    With regard to paragraph 282, Defendants state that the visa speaks for itself.

283.    With regard to paragraph 283, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

284.    With regard to paragraph 284, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

285.    With regard to paragraph 285, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

286.    With regard to paragraph 286, Defendants admit the factual allegations therein.

287.    With regard to paragraph 287, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

288.    With regard to paragraph 288, Defendants admit the factual allegations therein.

289.   With regard to paragraph 289, Defendants deny the factual allegations therein.

290.   With regard to paragraph 290, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

291.   With regard to paragraph 291, Defendants state that the visa speaks for itself.

292.   With regard to paragraph 292, Defendants state that the visa speaks for itself.

293.   With regard to paragraph 293, Defendants state that the visa speaks for itself.

294.   With regard to paragraph 294, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

295.   With regard to paragraph 295, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

296.   With regard to paragraph 296, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

297.   With regard to paragraph 297, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

298.   With regard to paragraph 298, Defendants admit the factual allegations therein.

299.   With regard to paragraph 299, Defendants state that, at times, the Plaintiff named therein was paid $300 in cash per week. With regard to any remaining factual allegations in paragraph 299, if any, Defendants deny them.

300.   With regard to paragraph 300, Defendants deny the factual allegations therein.

301.   With regard to paragraph 301, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

302.   With regard to paragraph 302, Defendants state that the visa speaks for itself.

303.   With regard to paragraph 303, Defendants state that the visa speaks for itself.

304.   With regard to paragraph 304, Defendants state that the visa speaks for itself.

305.    With regard to paragraph 305, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

306.    With regard to paragraph 306, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

307.    With regard to paragraph 307, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

308.    With regard to paragraph 308, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

309.    With regard to paragraph 309, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

310.    With regard to paragraph 310, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

311.    With regard to paragraph 311, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

312.    With regard to paragraph 312, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

313.    With regard to paragraph 313, Defendants admit the factual allegations therein.

314.    With regard to paragraph 314, Defendants admit that Defendant Midwest paid Plaintiff's his wages earned for the first pay period and that it had advanced certain wages as requested by Plaintiff Medrano.

315.    With regard to paragraph 315, Defendants state that Defendant Midwest paid the full amount owed to Plaintiff Medrano during his first pay period.

316.    With regard to paragraph 316, Defendants admit the factual allegations therein.

317.    With regard to paragraph 317, Defendants deny the factual allegations therein.

318.    With regard to paragraph 318, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

319.    With regard to paragraph 319, Defendants state that the visa speaks for itself.

320.    With regard to paragraph 320, Defendants state that the visa speaks for itself.

321.   With regard to paragraph 321, Defendants state that the visa speaks for itself.

322.   With regard to paragraph 322, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

323.   With regard to paragraph 323, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

324.   With regard to paragraph 324, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

325.   With regard to paragraph 325, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

326.   With regard to paragraph 326, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

327.   With regard to paragraph 327, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

328.   With regard to paragraph 328, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

329.   With regard to paragraph 329, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

330.   With regard to paragraph 330, Defendants admit the factual allegations therein.

331.    With regard to paragraph 331, Defendants admit that Defendant Midwest paid Plaintiff's his wages earned for the first pay period and that it had advanced certain wages as requested by Plaintiff Medrano.

332.   With regard to paragraph 332, Defendants state that Defendant Midwest paid the full amount owed to Plaintiff Jesus Antonio Perez Villa during his first pay period.

333.   With regard to paragraph 333, Defendants admit the factual allegations therein.

334.   With regard to paragraph 334, Defendants deny the factual allegations therein.

335.   With regard to paragraph 335, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

336.   With regard to paragraph 336, Defendants state that the visa speaks for itself.

337.   With regard to paragraph 337, Defendants state that the visa speaks for itself.

338.   With regard to paragraph 338, Defendants state that the visa speaks for itself.

339.   With regard to paragraph 339, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

340.   With regard to paragraph 340, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

341.   With regard to paragraph 341, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

342.   With regard to paragraph 342, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

343.   With regard to paragraph 343, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

344.   With regard to paragraph 344, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

345.   With regard to paragraph 345, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

346.   With regard to paragraph 346, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

347.   With regard to paragraph 347, Defendants admit the factual allegations therein.

348.    With regard to paragraph 348, Defendants admit that Defendant Midwest paid Plaintiff's his wages earned for the first pay period and that it had advanced certain wages as requested by Plaintiff Eduardo Sanchez Pineda.

349.   With regard to paragraph 349, Defendants state that Defendant Midwest paid the full amount owed to Plaintiff Eduardo Sanchez Pineda during his first pay period.

350.   With regard to paragraph 350, Defendants admit the factual allegations therein.

351.   With regard to paragraph 351, Defendants deny the factual allegations therein.

352.    With regard to paragraph 352, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

353.    With regard to paragraph 353, Defendants state that the visa speaks for itself.

354.    With regard to paragraph 354, Defendants state that the visa speaks for itself.

355.    With regard to paragraph 355, Defendants state that the visa speaks for itself.

356.    With regard to paragraph 356, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

357.    With regard to paragraph 357, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

358.    With regard to paragraph 358, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

359.    With regard to paragraph 359, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

360.   With regard to paragraph 360, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

361.   With regard to paragraph 361, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

362.   With regard to paragraph 362, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

363.   With regard to paragraph 363, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

364.   With regard to paragraph 364, Defendants admit the factual allegations therein.

365.   With regard to paragraph 365, Defendants admit that Defendant Midwest paid Plaintiff's his wages earned for the first pay period and that it had advanced certain wages as requested by Plaintiff Herrera.

366.   With regard to paragraph 366, Defendants state that Defendant Midwest paid the full amount owed to Plaintiff Herrera during his first pay period.

367.   With regard to paragraph 367, Defendants admit the factual allegations therein.

368.   With regard to paragraph 368, Defendants deny the factual allegations therein.

### The July Arrivals:  Plaintiffs Rodrigo Galindo Gutierrez, Jose Luis Gonzalez Juarez, and Brandon Brito Gonzalez

369.   With regard to paragraph 369, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

370.    With regard to paragraph 370, Defendants state that the visas speak for themselves.

371.   With regard to paragraph 371, Defendants state that the visas speak for themselves.

372.    With regard to paragraph 372, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

373.   With regard to paragraph 373, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

374.   With regard to paragraph 374, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

375.   With regard to paragraph 375, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

376.   With regard to paragraph 376, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

377.   With regard to paragraph 377, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

378.   With regard to paragraph 378, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

379.   With regard to paragraph 379, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

380.   With regard to paragraph 380, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

381.   With regard to paragraph 381, Defendants admit the factual allegations therein.

382.   With regard to paragraph 382, Defendants admit the factual allegations therein.

383.   With regard to paragraph 383, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

384.   With regard to paragraph 384, Defendants admit the factual allegations therein.

385.   With regard to paragraph 385, Defendants deny the factual allegations therein.

**Defendant Midwest's Failure to Pay Wages**

386.   With regard to paragraph 386, Defendants deny the factual allegations therein.

387.   With regard to paragraph 387, Defendants deny the factual allegations therein.

388.   With regard to paragraph 388, Defendants deny the factual allegations therein.

389.   With regard to paragraph 389, Defendants admit Plaintiffs' schedules were not limited to 2:00 p.m. to 10:00 p.m. five days per week. With regard to the remaining factual allegations in paragraph 389, if any, Defendants state that the labor certification speaks for itself.

390.   With regard to paragraph 390, Defendants deny the factual allegations therein.

391.   With regard to paragraph 391, Defendants deny the factual allegations therein.

392.    With regard to paragraph 392, Defendants deny the factual allegations therein.

393.    With regard to paragraph 393, Defendants deny the factual allegations therein.

394.    With regard to paragraph 394, Defendants deny the factual allegations therein.

395.    With regard to paragraph 395, Defendants admit that Plaintiffs would unpack and assemble the rides and set up games and concessions after arriving at a new location. To the extent paragraph 395 contains any remaining factual allegations, Defendants deny them.

396.    With regard to paragraph 396, Defendants deny the factual allegations therein.

397.    With regard to paragraph 397, Defendants deny the factual allegations therein.

398.    With regard to paragraph 398, Defendants deny the factual allegations therein.

399.    With regard to paragraph 399, Defendants deny the factual allegations therein.

400.    With regard to paragraph 400, Defendants deny the factual allegations therein.

401.   With regard to paragraph 401, Defendants admit that Defendant Midwest paid wages in cash on a weekly basis.  As to the remaining factual allegations, if any, Defendants deny them.

402.   With regard to paragraph 402, Defendants state that it calls for a legal conclusion to which no response is required.

403.   With regard to paragraph 403, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

404.   With regard to paragraph 404, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

405.   With regard to paragraph 405, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

406.   With regard to paragraph 406, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

407.   With regard to paragraph 407, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

408.   With regard to paragraph 408, Defendants deny the factual allegations therein.

409.    With regard to paragraph 409, Defendants deny the factual allegations therein.

410.    With regard to paragraph 410, Defendants do not know which Plaintiff is being referred to therein, and are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

411.    With regard to paragraph 411, Defendants deny the factual allegations therein.

412.    With regard to paragraph 412, Defendants deny the factual allegations therein.

**Plaintiffs Suffered Abusive Treatment and Working Conditions**

413.    With regard to paragraph 413, Defendants deny the factual allegations therein.

414.    With regard to paragraph 414, Defendants deny the factual allegations therein.

415.    With regard to paragraph 415, Defendants deny the factual allegations therein.

416.    With regard to paragraph 416, Defendants deny the factual allegations therein.

417.    With regard to paragraph 417, Defendants deny the factual allegations therein.

418.    With regard to paragraph 418, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

419.    With regard to paragraph 419, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

420.    With regard to paragraph 420, Defendants deny the factual allegations therein.

421.    With regard to paragraph 421, Defendants deny the factual allegations therein.

422.    With regard to paragraph 422, Defendants state that the paragraph is too vague and Defendants are without sufficient information to either admit or deny the factual allegation therein, and therefore deny it.

423.    With regard to paragraph 423, Defendants deny the factual allegations therein.

424.    With regard to paragraph 424, Defendants deny the factual allegations therein.

425.    With regard to paragraph 425, Defendants deny the factual allegations therein.

426.    With regard to paragraph 426, Defendants admit that bunkhouses were available to Plaintiffs during their employment. As to the remaining allegations in paragraph 426, if any, Defendants deny them.

427.   With regard to paragraph 427, Defendants state that it calls for a legal conclusion to which no response is required. As to the remaining allegations in paragraph 427, if any, Defendants deny them.

428.   With regard to paragraph 428, Defendants deny the factual allegations therein.

429.   With regard to paragraph 429, Defendants deny the factual allegations therein.

430.   With regard to paragraph 430, Defendants deny the factual allegations therein.

431.   With regard to paragraph 431, Defendants deny the factual allegations therein.

432.   With regard to paragraph 432, Defendants deny the factual allegations therein.

433.   With regard to paragraph 433, Defendants state that each bunkhouse was equipped with a functioning shower and sink, but not equipped with toilets. To the extent paragraph 433 contains any remaining factual allegations, Defendants deny them.

434.   With regard to paragraph 434, Defendants deny the factual allegations therein.

435.   With regard to paragraph 435, Defendants are without sufficient information to either admit or deny Plaintiffs' beliefs. Defendants specifically deny deducting the cost of water and electricity from Plaintiffs' wages.

436.   With regard to paragraph 436, Defendants deny the factual allegations therein.

437.   With regard to paragraph 437, Defendants deny the factual allegations therein.

438.   With regard to paragraph 438, Defendants deny the factual allegations therein.

439.   With regard to paragraph 439, Defendants admit that the bunkhouses were not equipped with refrigerators. As to the remaining factual allegations in paragraph 439, Defendants deny them.

440.   With regard to paragraph 440, Defendants deny the factual allegations therein.

441.   With regard to paragraph 441, Defendants admit that the bunkhouses were not equipped with a food preparation area and that certain Plaintiffs used camping stoves to cook food. With regard to the remaining factual allegations in paragraph 441, Defendants are without sufficient information to either admit or deny them, and therefore deny them.

442.   With regard to paragraph 442, Defendants deny the factual allegations therein.

443.   With regard to paragraph 443, Defendants affirmatively state that Plaintiffs were free to shop and do laundry wherever they wished and as frequently as necessary. With regard to the remaining factual allegations in paragraph 443, Defendants deny them.

444.   With regard to paragraph 444, Defendants deny the factual allegations therein.

445.   With regard to paragraph 445, Defendants deny the factual allegations therein.

446.   With regard to paragraph 446, Defendants deny the factual allegations therein.

447.   With regard to paragraph 447, Defendants deny the premise on which the paragraph is based and deny the factual allegations therein.

448.   With regard to paragraph 448, Defendants deny the premise on which the paragraph is based and deny the factual allegations therein.

449.   With regard to paragraph 449, Defendants deny the premise on which the paragraph relies. Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them. To the best of Defendants' knowledge, no Midwest employee ever went without food, water, or electricity.

450.   With regard to paragraph 450, Defendants deny the factual allegations therein.

451.   With regard to paragraph 451, Defendants deny the factual allegations therein.

452.   With regard to paragraph 452, Defendants deny the factual allegations therein.

453.   With regard to paragraph 453, Defendants deny the factual allegations therein.

454.   With regard to paragraph 454, Defendants admit the factual allegations therein.

455.   With regard to paragraph 455, Defendants deny the factual allegations therein.

456.   With regard to paragraph 456, Defendants deny the factual allegations therein.

457.   With regard to paragraph 457, Defendants deny the factual allegations therein.

458.   With regard to paragraph 458, Defendants state that there are no factual allegations to which they need to respond. To the extent paragraph 458 contains any factual allegations, Defendants are without sufficient information to either admit or deny them, and therefore deny them.

459.   With regard to paragraph 459, Defendants state that there are no factual allegations to which they need to respond. To the extent paragraph 459 contains any factual allegations, Defendants are without sufficient information to either admit or deny them, and therefore deny them.

460.   With regard to paragraph 460, Defendants deny the factual allegations therein.

461.   With regard to paragraph 461, Defendants state that there are no factual allegations to which they need to respond. To the extent paragraph 461 contains any factual allegations, Defendants are without sufficient information to either admit or deny them, and therefore deny them.

462.    With regard to paragraph 462, Defendants deny the factual allegations therein.

463.    With regard to paragraph 463, Defendants deny the factual allegations therein.

464.    With regard to paragraph 464, Defendants deny the factual allegations therein.

465.    With regard to paragraph 465, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

466.    With regard to paragraph 466, Defendants deny the premise on which the paragraph is based and deny the factual allegations therein.

467.    With respect to paragraph 467, Defendants deny the factual allegations therein.

468.    With regard to paragraph 468, Defendants deny the factual allegations therein.

469.    With regard to paragraph 469, Defendants deny the factual allegations therein.

470.    With regard to paragraph 470, Defendants deny the factual allegations therein.

471.    With regard to paragraph 471, Defendants deny the factual allegations therein.

472.    With regard to paragraph 472, Defendants deny the factual allegations therein.

473.    With regard to paragraph 473, Defendants deny the premise on which the paragraph is made and deny the factual allegations therein.

474.    With regard to paragraph 474, Defendants deny the factual allegations therein.

**Defendant Midwest's Termination of Plaintiffs Roberto Antonio Cuamba Razo, Marco Antonio Olivares Perez Fernando Alarcon Garcia, and Victor Hugo Medina Tinoco following the escape of Plaintiffs Eduardo Sanchez Pineda, Rafael Juarez Medrano, Jesus Antonio Perez Villa and Fernando Tellez Herrera in June 2015**

475.    With regard to paragraph 475, Defendants deny the factual allegations therein.

476.    With regard to paragraph 476, Defendants deny the factual allegations therein.

477.    With regard to paragraph 477, Defendants are without sufficient information to either admit or deny the factual allegation therein, and therefore deny it

478.    With regard to paragraph 478, Defendants deny the factual allegations therein.

479.    With regard to paragraph 479, Defendants deny the factual allegations therein.

480.    With regard to paragraph 480, Defendants deny the factual allegations therein.

481.   With regard to paragraph 481, Defendants deny the factual allegations therein.

482.   With regard to paragraph 482, Defendants admit that Plaintiffs worked at a fair in June of 2015 in Mountain Lake, MN.  To the extent there are any remaining factual allegations, Defendants deny them.

483.   With regard to paragraph 483, Defendants deny the factual allegations therein.

484.   With regard to paragraph 484, Defendants state that Rochelle Waknitz asked to make a copy of Plaintiffs' passports, many of whom refused.  Defendants admit that copies were not made when Plaintiffs' first arrived. To the extent paragraph 484 contains any remaining factual allegations, Defendants deny them.

485.   With regard to paragraph 485, Defendants admit that some Plaintiffs initially refused to let Rochelle Waknitz make copies of their passports. To the extent paragraph 485 contains any remaining factual allegations, Defendants are without sufficient information to either admit or deny them, and therefore deny them.

486.   With regard to paragraph 486, Defendants state that they occasionally directed Plaintiffs to contact Alejandro Trevino with questions they had regarding their visas and passports. To the extent paragraph 486 contains any factual allegations, Defendants are without sufficient information to either admit or deny them, and therefore deny them.

487.   With regard to paragraph 487, Defendants deny the factual allegations therein.

60

488.   With regard to paragraph 488, Defendants deny the factual allegations therein.

489.   With regard to paragraph 489, Defendants are without sufficient information to either admit or deny the factual allegation therein, and therefore deny it.

490.   With regard to paragraph 490, Defendants are without sufficient information to either admit or deny the factual allegation therein, and therefore deny it.

491.   With regard to paragraph 491, Defendants deny the factual allegations therein.

**Remaining Plaintiffs' Exodus from Defendant Midwest on August 15, 2015**

492.   With regard to paragraph 492, Defendants admit that the Plaintiffs named therein quit working for Defendant Midwest on Saturday August 15, 2015. With regard to the remaining factual allegations in paragraph 492, Defendants deny them.

493.   With regard to paragraph 493, Defendants deny that Plaintiffs arrived ten minutes late for their shift. With regard to the remaining factual allegations in paragraph 493, Defendants are without sufficient information to either admit or deny them, and therefore deny them.

494.   With regard to paragraph 494, Defendants deny the factual allegations therein.

495.   With regard to paragraph 495, Defendants deny the factual allegations therein.

496.   With regard to paragraph 496, Defendants deny the factual allegations therein.

61

497.    With regard to paragraph 497, Defendants deny the factual allegations therein.

498.    With regard to paragraph 498, Defendants deny the factual allegations therein.

499.    With regard to paragraph 499, Defendants deny the factual allegations therein.

500.    With regard to paragraph 500, Defendants deny the factual allegations therein.

501.    With regard to paragraph 501, Defendants deny the factual allegations therein.

502.    With regard to paragraph 502, Defendants deny the factual allegations therein.

503.    With regard to paragraph 503, Defendants deny the factual allegations therein.

504.    With regard to paragraph 504, Defendants deny the factual allegations therein.

505.    With regard to paragraph 505, Defendants admit that Teejay Reinke sent electronic messages to the Plaintiff named therein when she quit working for Defendant Midwest. As to the remaining factual allegations in paragraph 505, if any, Defendants deny them.

506.    With regard to paragraph 506, Defendants deny the factual allegations therein.

507.   With regard to paragraph 507, Defendants admit that they refused to pay Plaintiffs for a full week of work when it became clear that Plaintiffs would not work the full week.

508.   With regard to paragraph 508, Defendants state that Plaintiffs were paid for the hours actually worked before they left. As to the remaining factual allegations in paragraph 508, if any, Defendants deny them.

509.   With regard to paragraph 509, Defendants deny that Midwest refused to pay Plaintiffs' reasonable cost of travel to return to Mexico. With regard to the remaining factual allegations therein, Defendants are without sufficient information to either admit or deny them, and therefore deny them.

510.   With regard to paragraph 510, Defendants deny the factual allegations therein.

511.   With regard to paragraph 511, Defendants are without sufficient information to either admit or deny the factual allegation therein, and therefore deny it.

### FIRST CLAIM FOR RELIEF
### FEDERAL FAIR LABOR STANDARDS ACT ("FLSA")
### 29 U.S.C. § 203 et seq. (2015)

512.   Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

513.   With regard to paragraph 513, Defendants state that there are no factual allegations to which they need to respond. To the extent paragraph 513 contains any factual allegations, Defendants are without sufficient information to either admit or deny them, and therefore deny them.

63

514.    With regard to paragraph 514, Defendants state that it calls for a legal conclusion to which no response is required.

515.    With regard to paragraph 515, Defendants state that it calls for a legal conclusion to which no response is required.

516.    With regard to paragraph 516, Defendants state that it calls for a legal conclusion to which no response is required.

517.    With regard to paragraph 517, Defendants deny the factual allegations therein.

518.    With regard to paragraph 518, Defendants deny the factual allegations therein.

519.    With regard to paragraph 519, Defendants deny the factual allegations therein.

520.    With regard to paragraph 520, Defendants admit that Plaintiffs were not paid at a rate of time and a half for all hours worked in excess of 40 hours per week. To the extent paragraph 520 contains any remaining factual allegations, Defendants deny them.

521.    With regard to paragraph 521, Defendants deny the factual allegations therein.

522.    With regard to paragraph 522, Defendants state that it calls for a legal conclusion to which no response is required.

523.     With regard to paragraph 523, Defendants state that it calls for a legal conclusion to which no response is required.

524.    With regard to paragraph 524, Defendants state that it calls for a legal conclusion to which no response is required.

525.    With regard to paragraph 525, Defendants deny making deductions from Plaintiffs' wages for water and electricity. To the extent paragraph 525 contains any remaining factual allegations, Defendants deny them.

526.    With regard to paragraph 526, Defendants deny that water and electricity were not consistently provided. To the extent paragraph 526 contains any remaining factual allegations, Defendants deny them.

527.    With regard to paragraph 527, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

528.    With regard to paragraph 528, Defendants deny the factual allegations therein.

529.    With regard to paragraph 529, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 529 contains any factual allegations, Defendants deny them.

530.    With regard to paragraph 530, Defendants state that it calls for a legal conclusion to which no response is required. To the extent paragraph 530 contains any factual allegations, Defendants deny them.

531.    With regard to paragraph 531, Defendants state that it calls for a legal conclusion to which no response is required. To the extent paragraph 531 contains any factual allegations, Defendants deny them.

532.     With regard to paragraph 532, Defendants state that it calls for a legal conclusion to which no response is required. To the extent paragraph 532 contains any factual allegations, Defendants deny them.

533.     With regard to paragraph 533, Defendants state that it calls for a legal conclusion to which no response is required. To the extent paragraph 533 contains any factual allegations, Defendants deny them.

534.     With regard to paragraph 534, Defendants state that it calls for a legal conclusion to which no response is required. To the extent paragraph 534 contains any factual allegations, Defendants deny them.

## SECOND CLAIM FOR RELIEF
## MINNESOTA FAIR LABOR STANDARDS ACT
### Wage Claims, Minn. Stat. § 177 et seq. (2015)

535.     Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

536.     With regard to paragraph 536, Defendants state that there are no factual allegations to which they need to respond.

537.     With regard to paragraph 537, Defendants state that there are no factual allegations to which they need to respond.

538.     With regard to paragraph 538, Defendants state that it calls for a legal conclusion and no response is required.

539.     With regard to paragraph 539, Defendants state that it calls for a legal conclusion and no response is required.

540.    With regard to paragraph 540, Defendants state that it calls for a legal conclusion and no response is required.

541.    With regard to paragraph 541, Defendants state that it calls for a legal conclusion and no response is required.

542.    With regard to paragraph 542, Defendants state that it calls for a legal conclusion and no response is required.

543.    With regard to paragraph 543, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 543 contains any factual allegations, Defendants deny them.

544.    With regard to paragraph 544, Defendants state that it calls for a legal conclusion and no response is required.

545.    With regard to paragraph 545, Defendants deny the factual allegations therein.

546.    With regard to paragraph 546, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 546 contains any factual allegations, Defendants deny them.

547.    With regard to paragraph 547, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 547 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

548.    With regard to paragraph 548, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 548 contains any factual allegations, Defendants deny them.

549.    With regard to paragraph 549, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 549 contains any factual allegations, Defendants deny them.

550.    With regard to paragraph 550, Defendants state that it calls for a legal conclusion and no response is required.  To the extent paragraph 550 contains any factual allegations, Defendants deny them.

**THIRD CLAIM FOR RELIEF**
**MINNESOTA FAIR LABOR STANDARDS ACT**
**Working Conditions, Minn. Stat. § 177 et seq. (2015)**

551.    Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

552.    With regard to paragraph 552, Defendants state that there are no factual allegations to which they need to respond.

553.    With regard to paragraph 553, Defendants state that there are no factual allegations to which they need to respond.

554.    With regard to paragraph 554, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 554 contains any factual allegations, Defendants deny them.

555.    With regard to paragraph 555, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 555 contains any factual allegations, Defendants deny them.

556.     With regard to paragraph 556, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 556 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

557.     With regard to paragraph 557, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 557 contains any factual allegations, Defendants deny them.

558.     With regard to paragraph 558, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 558 contains any factual allegations, Defendants deny them.

## FOURTH CLAIM FOR RELIEF
## MINNESOTA WAGE PAYMENT ACT
### Minn. Stat. § 181 et seq. (2015)

559.     Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

560.     With regard to paragraph 560, Defendants state that there are no factual allegations to which they need to respond.

561.     With regard to paragraph 561, Defendants state that there are no factual allegations to which they need to respond.

562.     With regard to paragraph 562, Defendants state that it calls for a legal conclusion and no response is required.

563.      With regard to paragraph 563, Defendants state that it calls for a legal conclusion and no response is required.

564.   With regard to paragraph 564, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 564 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

565.   With regard to paragraph 565, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 565 contains any factual allegations, Defendants deny them.

566.   With regard to paragraph 566, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 566 contains any factual allegations, Defendants deny them.

**FIFTH CLAIM FOR RELIEF**
**MINNESOTA WAGE PAYMENT ACT**
**False Statements as Inducement to Entering Employment**
**Minn. Stat. §§ 181.64, 181.65 (2015)**

567.   Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

568.   With regard to paragraph 568, Defendants state that there are no factual allegations to which they need to respond.

569.   With regard to paragraph 569, Defendants state that there are no factual allegations to which they need to respond.

570.   With regard to paragraph 570, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 570 contains any factual allegations, Defendants deny them.

571.   With regard to paragraph 571, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 571 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

572.   With regard to paragraph 572, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 572 contains any factual allegations, Defendants deny them.

573.   With regard to paragraph 573, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 573 contains any factual allegations, Defendants deny them.

## SIXTH CLAIM FOR RELIEF
## TRAFFICKING VICTIMS PROTECTION ACT (TVPRA)
### Forced Labor, 18 U.S.C. § 1589 (2015)

574.   Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

575.   With regard to paragraph 575, Defendants state that there are no factual allegations to which they need to respond.

576.   With regard to paragraph 576, Defendants state that there are no factual allegations to which they need to respond.

577.   With regard to paragraph 577, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 577 contains any factual allegations, Defendants deny them.

578.   With regard to paragraph 578, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 578 contains any factual allegations, Defendants deny them.

579.   With regard to paragraph 579, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 579 contains any factual allegations, Defendants deny them.

580.   With regard to paragraph 580, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 580 contains any factual allegations, Defendants deny them.

581.   With regard to paragraph 581, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 581 contains any factual allegations, Defendants deny them.

582.   With regard to paragraph 582, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 582 contains any factual allegations, Defendants deny them.

583.   With regard to paragraph 583, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 583 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

584.   With regard to paragraph 584 Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 584 contains any factual allegations, Defendants deny them.

585.   With regard to paragraph 585, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 585 contains any factual allegations, Defendants deny them.

## SEVENTH CLAIM FOR RELIEF
### TVPRA
### Human Trafficking 18 U.S.C. § 1590 (2015)

586.   Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

587.   With regard to paragraph 587, Defendants state that there are no factual allegations to which they need to respond.

588.   With regard to paragraph 588, Defendants state that there are no factual allegations to which they need to respond.

589.   With regard to paragraph 589, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 589 contains any factual allegations, Defendants deny them.

590.   With regard to paragraph 590, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them. Defendants affirmatively state that Plaintiffs were never subjected to forced labor.

591.   With regard to paragraph 591, Defendants deny the factual allegations therein.

592.   With regard to paragraph 592, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 592contains any factual allegations, Defendants deny them.

593.   With regard to paragraph 593, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 593 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

594.   With regard to paragraph 594, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 594 contains any factual allegations, Defendants deny them.

## EIGHTH CLAIM FOR RELIEF
## MINNESOTA LABOR TRAFFICKING CRIMES
### Minn. Stat. § 609.281 et seq. (2015)

595.   Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

596.   With regard to paragraph 596, Defendants state that there are no factual allegations to which they need to respond.

597.   With regard to paragraph 597, Defendants state that there are no factual allegations to which they need to respond.

598.   With regard to paragraph 598, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 598 contains any factual allegations, Defendants deny them.

599.   With regard to paragraph 599, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 599 contains any factual allegations, Defendants deny them.

600.   With regard to paragraph 600, Defendants deny the factual allegations therein.

601.   With regard to paragraph 601, Defendants deny the factual allegations therein.

602.   With regard to paragraph 602, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 602 contains any factual allegations, Defendants deny them.

603.   With regard to paragraph 603, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 603 contains any factual allegations, Defendants deny them.

604.   With regard to paragraph 604, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them. Defendants affirmatively state that Plaintiffs were never subjected to forced labor.

605.   With regard to paragraph 605, Defendants deny the factual allegations therein.

606.   With regard to paragraph 606, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 606 contains any factual allegations, Defendants deny them.

607.   With regard to paragraph 607, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 607 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

608.   With regard to paragraph 608, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 608 contains any factual allegations, Defendants deny them.

## NINTH CLAIM FOR RELIEF
## ALIEN TORT CLAIMS ACT, 28 U.S.C. § 1350
### Involuntary Servitude and Forced Labor

609.    Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

610.    With regard to paragraph 610, Defendants state that there are no factual allegations to which they need to respond.

611.    With regard to paragraph 611, Defendants state that it calls for a legal conclusion and no response is required. Defendants dispute the existence of a valid tort claim.

612.    With regard to paragraph 612 Defendants deny the factual allegations therein.

613.    With regard to paragraph 613, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 613 contains any factual allegations, Defendants deny them.

614.     With regard to paragraph 614, Defendants state that the document speaks for itself.

615.    With regard to paragraph 615, Defendants deny the factual allegations therein.

616.    With regard to paragraph 616, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 616 contains any factual allegations, Defendants deny them.

617.    With regard to paragraph 617, Defendants deny the factual allegations therein.

618.    With regard to paragraph 618, Defendants deny the factual allegations therein.

619.    With regard to paragraph 619, Defendants deny the factual allegations therein.

620.    With regard to paragraph 620, Defendants deny the factual allegations therein.

### TENTH CLAIM FOR RELIEF
### ALIEN TORT CLAIMS ACT, 28 U.S.C. § 1350
### Human Trafficking

621.    Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

622.    With regard to paragraph 622, Defendants state that there are no factual allegations to which they need to respond.

623.    With regard to paragraph 623, Defendants state that it calls for a legal conclusion and no response is required. Defendants do not dispute jurisdiction.

624.    With regard to paragraph 624, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 624 contains any factual allegations, Defendants deny them.

625.    With regard to paragraph 625, Defendants state that the document speaks for itself.

626.    With regard to paragraph 626, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 626 contains any factual allegations, Defendants deny them.

627.    With regard to paragraph 627, Defendants deny the factual allegations therein.

628.    With regard to paragraph 628, Defendants deny the factual allegations therein.

629.    With regard to paragraph 629, Defendants state that it calls for a legal conclusion and no response is required.

630.    With regard to paragraph 630, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

631.    With regard to paragraph 631, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

632.    With regard to paragraph 632, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

633.    With regard to paragraph 633, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 633 contains any factual allegations, Defendants deny them.

## ELEVENTH CLAIM FOR RELIEF
## <u>FEDERAL RACKETEERING INFLUENCED CORRUPT</u>
## <u>ORGANIZATIONS ACT (RICO)</u>
## 18 U.S.C. § 1961 et seq. (2015)

634.   Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

635.   With regard to paragraph 635, Defendants state that there are no factual allegations to which they need to respond.

636.   With regard to paragraph 636, Defendants state that there are no factual allegations to which they need to respond.

637.   With regard to paragraph 637, Defendants state that it calls for a legal conclusion to which no response is required.

638.    With regard to paragraph 638, Defendants state that it calls for a legal conclusion to which no response is required. To the extent paragraph 638 contains any factual allegations, Defendants deny them.

### The RICO Enterprise

639.   With regard to paragraph 639, Defendants state that it calls for a legal conclusion to which no response is required. To the extent paragraph 639 contains any factual allegations, Defendants deny them.

640.   With regard to paragraph 640, Defendants deny the factual allegations and underlying assumptions therein.

641.   With regard to paragraph 641, Defendants deny the factual allegations and underlying assumptions therein.

642.   With regard to paragraph 642, Defendants admit that Defendant ATJ assisted with recruiting workers in Mexico and processing their H-2B visas. With regard to the remaining factual allegations in paragraph 642, Defendants are without sufficient information to either admit or deny them, and therefore deny them.

643.   With regard to paragraph 643, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

644.   With regard to paragraph 644, Defendants deny the factual allegations therein.

645.   With regard to paragraph 645, Defendants deny the factual allegations therein.

646.   With regard to paragraph 646, Defendants state that Defendant ATJ, at times, arranged for certain transportation of certain H-2B workers. As to the remaining factual allegations in paragraph 646, Defendants are without sufficient information to either admit or deny them, and therefore deny them.

**RICO Defendants' Roles in Enterprise**

647.   With regard to paragraph 647, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

648.   With regard to paragraph 648, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

649.    With regard to paragraph 649, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

650.    With regard to paragraph 650, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

651.    With regard to paragraph 651, Defendants admit that Defendant Midwest employed and paid H-2B workers, including Plaintiffs. As to the remaining factual allegations in paragraph 651, Defendants deny them or state that they call for a legal conclusion to which no response is required.

652.    With regard to paragraph 652, Defendants admit that Defendant Midwest employed and made housing and transportation available to certain H-2B workers, including Plaintiffs. As to the remaining factual allegations in paragraph 652, Defendants deny them.

653.    With regard to paragraph 653, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 653 contains any factual allegations, Defendants deny them.

654.    With regard to paragraph 654, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 654 contains any factual allegations, Defendants deny them.

655.    With regard to paragraph 655, Defendants deny the factual allegations therein.

## Predicate Acts
## Forced Labor:  18 U.S.C. § 1589

656.   With regard to paragraph 656, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 656 contains any factual allegations, Defendants deny them.

657.   With regard to paragraph 657, Defendants deny the factual allegations therein.

658.   With regard to paragraph 658, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 658 contains any factual allegations, Defendants deny them.

659.   With regard to paragraph 659, Defendants deny the factual allegations therein.

## Trafficking in Persons for the Purposes of Forced Labor
## and Involuntary Servitude:
## 18 U.S.C. § 1590 and Minn. Stat. § 609.281 et seq.

660.   With regard to paragraph 660, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 660 contains any factual allegations, Defendants deny them.

661.   With regard to paragraph 661, Defendants deny the factual allegations therein.

662.   With regard to paragraph 662, Defendants deny the factual allegations therein.

663.    With regard to paragraph 663, Defendants deny the factual allegations therein.

664.    With regard to paragraph 664, Defendants deny the factual allegations therein.

665.    With regard to paragraph 665, Defendants state:

   a.   Defendants are without sufficient information to either admit or deny the factual allegations in paragraph 665(a), and therefore deny them.

   b.   With regard to paragraph 665(b), Defendants deny the factual allegations therein.

   c.   With regard to paragraph 665(c), Defendants deny the factual allegations therein.

   d.   With regard to paragraph 665(d), Defendants deny the factual allegations therein.

   e.   With regard to paragraph 665(e), Defendants admit that worksites were located in the states named therein.

   f.   With regard to paragraph 665(f), Defendants admit the factual allegations therein.

   g.   With regard to paragraph 665(g), Defendants deny the factual allegations therein.

666.    With regard to paragraph 666, Defendants deny the factual allegations therein.

667.   With regard to paragraph 667, Defendants deny the factual allegations therein.

## Immigration Document Fraud:  18 U.S.C. § 1546

668.   With regard to paragraph 668, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 668 contains any factual allegations, Defendants deny them.

669.   With regard to paragraph 669, Defendants deny the factual allegations therein.

670.   With regard to paragraph 670, Defendants deny the factual allegations therein.

671.   With regard to paragraph 671, Defendants state that the certification speaks for itself.

672.   With regard to paragraph 672, Defendants state that the certification speaks for itself.

673.   With regard to paragraph 673, Defendants state that the certification speaks for itself.

674.   With regard to paragraph 674, Defendants state that the certification speaks for itself.

675.   With regard to paragraph 675, Defendants deny the factual allegations therein.

676.   With regard to paragraph 676, Defendants deny the factual allegations therein.

677.   With regard to paragraph 677, Defendants deny the factual allegations therein.

678.   With regard to paragraph 678, Defendants state that Midwest employed the Plaintiffs named therein in February 2015. With regard to the remaining factual allegations in paragraph 678, Defendants state that the certification speaks for itself.

679.   With regard to paragraph 679, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

680.   With regard to paragraph 680, Defendants deny the factual allegations therein.

681.   With regard to paragraph 681, Defendants deny the factual allegations therein.

## Mail Fraud:  18 U.S.C. § 1341

682.   With regard to paragraph 682, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 682 contains any factual allegations, Defendants deny them.

683.    With regard to paragraph 683, Defendants deny the factual allegations therein.

684.   With regard to paragraph 684, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

685.   With regard to paragraph 685, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 685 contains any factual allegations, Defendants deny them.

686.   With regard to paragraph 686, Defendants deny the factual allegations therein.

### Wire Fraud:  18 U.S.C. § 1343

687.   With regard to paragraph 687, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 687 contains any factual allegations, Defendants deny them.

688.   With regard to paragraph 688, Defendants deny the factual allegations therein.

689.   With regard to paragraph 689, Defendants deny the factual allegations therein.

690.   With regard to paragraph 690, Defendants deny the factual allegations therein.

691.   With regard to paragraph 691, Defendants deny the factual allegations therein.

692.   With regard to paragraph 692, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 692 contains any factual allegations, Defendants deny them.

693.   With regard to paragraph 693, Defendants deny the factual allegations therein.

## Pattern of Racketeering Activity

694.   With regard to paragraph 694, Defendants state that it calls for a legal conclusion and no response is required.

695.   With regard to paragraph 695, Defendants deny the factual allegations therein.

696.   With regard to paragraph 696, Defendants deny the factual allegations therein.

697.    With regard to paragraph 697, Defendants deny the factual allegations therein.

698.    With regard to paragraph 698, Defendants deny the factual allegations therein.

699.   With regard to paragraph 699, Defendants deny the factual allegations therein.

700.   With regard to paragraph 700, Defendants deny the factual allegations therein.

701.   With regard to paragraph 701, Defendants deny the factual allegations therein.

## Conspiracy

702.   With regard to paragraph 702, Defendants state that there are no factual allegations to which they need to respond. To the extent paragraph 702 contains any factual allegations, Defendants deny them.

703.    With regard to paragraph 703, Defendants state that there are no factual allegations to which they need to respond. To the extent paragraph 703 contains any factual allegations, Defendants deny them.

704.    With regard to paragraph 704, Defendants deny the factual allegations and underlying assumptions therein.

705.    With regard to paragraph 705, Defendants deny the factual allegations and underlying assumptions therein.

706.    With regard to paragraph 706, Defendants deny the factual allegations therein.

707.    With regard to paragraph 707, Defendants deny the factual allegations therein.

708.    With regard to paragraph 708, Defendants deny the factual allegations therein.

709.    With regard to paragraph 709, Defendants deny the factual allegations therein.

710.    With regard to paragraph 710, Defendants deny the factual allegations therein.

711.    With regard to paragraph 711, Defendants deny the factual allegations therein.

712.    With regard to paragraph 712, Defendants state that the petitions speak for themselves. To the extent paragraph 712 contains any remaining factual allegations, Defendants deny them.

713.    With regard to paragraph 713, Defendants deny the factual allegations therein.

714.    With regard to paragraph 714, Defendants deny the factual allegations therein.

715.    With regard to paragraph 715, Defendants deny the factual allegations therein.

## Injury

716.    With regard to paragraph 716, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 716 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

717.    With regard to paragraph 717, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 717 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

## TWELFTH CLAIM FOR RELIEF
## ASSAULT

718.   Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

719.   With regard to paragraph 719, Defendants state that there are no factual allegations to which they need to respond.

720.   With regard to paragraph 720, Defendants deny the factual allegations therein.

721.  With regard to paragraph 721, Defendants deny the factual allegations therein.

722.   With regard to paragraph 722, Defendants deny the factual allegations therein.

723.  With regard to paragraph 723, Defendants deny the factual allegations therein.

724.  With regard to paragraph 724, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

725.  With regard to paragraph 725, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 725 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

726.  With regard to paragraph 726, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 726 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

## THIRTEENTH CLAIM FOR RELIEF
### BATTERY

727.  Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

728.  With regard to paragraph 728, Defendants state that there are no factual allegations to which they need to respond.

729.  With regard to paragraph 729, Defendants deny the factual allegations therein.

730.   With regard to paragraph 730, Defendants deny the factual allegations therein.

731.  With regard to paragraph 731, Defendants deny the factual allegations therein.

732.  With regard to paragraph 732, Defendants deny the factual allegations therein.

733.  With regard to paragraph 733, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 733 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

734.  With regard to paragraph 734, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 734 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

**FOURTEENTH CLAIM FOR RELIEF**
**BREACH OF H-2B CONTRACT**

735.  Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

736.  With regard to paragraph 736, Defendants state that there are no factual allegations to which they need to respond.

737.  With regard to paragraph 737, Defendants state that it calls for a legal conclusion and no response is required.

738.  With regard to paragraph 738, Defendants state that the document speaks for itself.

739.  With regard to paragraph 739, Defendants state that the document speaks for itself.

740.  With regard to paragraph 740 Defendants state that it calls for a legal conclusion to which no response is required.

741.  With regard to paragraph 741, Defendants state that it calls for a legal conclusion to which no response is required.

742.  With regard to paragraph 742, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 742 contains any factual allegations, Defendants deny them.

743.  With regard to paragraph 743, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 743 contains any factual allegations, Defendants deny them.

744.  With regard to paragraph 744, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 744 contains any factual allegations, Defendants deny them.

745.  With regard to paragraph 745, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 745 contains any factual allegations, Defendants deny them.

746.  With regard to paragraph 746, Defendants deny the premise on which paragraph 746 is based. Defendants admit that Plaintiffs were paid a flat weekly rate

regardless of the number of hours worked. As to the remaining factual allegations in paragraph 746, if any, Defendants deny them.

747.   With regard to paragraph 747, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 747 contains any factual allegations, Defendants deny them.

748.   With regard to paragraph 748, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 748 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

**FIFTEENTH CLAIM FOR RELIEF**
**PROMISSORY ESTOPPEL**

749.   Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

750.   With regard to paragraph 750, Defendants deny the factual allegations therein.

751.   With regard to paragraph 751, Defendants deny the factual allegations therein.

752.    With regard to paragraph 752, Defendants deny the factual allegations therein.

753.   With regard to paragraph 753, Defendants deny the factual allegations therein.

754.   With regard to paragraph 754, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 754 contains any factual allegations, Defendants deny them.

755.   With regard to paragraph 755, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 755 contains any factual allegations, Defendants deny them.

756.   With regard to paragraph 756, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 756 contains any factual allegations, Defendants deny them.

**SIXTEENTH CLAIM FOR RELIEF**
**UNJUST ENRICHMENT AND QUANTUM MERUIT**

757.   Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

758.   With regard to paragraph 758, Defendants state that there are no factual allegations to which they need to respond.

759.   With regard to paragraph 759, Defendants admit the factual allegations therein.

760.   With regard to paragraph 760, Defendants deny the factual allegations therein.

761.   With regard to paragraph 761, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

762.   With regard to paragraph 762, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 762 contains any factual allegations, Defendants deny them.

763.   With regard to paragraph 763, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 763 contains any factual allegations, Defendants deny them.

764.   With regard to paragraph 764, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 764 contains any factual allegations, Defendants deny them.

765.   With regard to paragraph 765, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 765 contains any factual allegations, Defendants deny them.

## SEVENTEENTH CLAIM FOR RELIEF
### MINNESOTA BIAS OFFENSE
### Minn. Stat. § 611A.79 (2015)

766.   Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

767.   With regard to paragraph 767, Defendants state that there are no factual allegations to which they need to respond.

768.   With regard to paragraph 768, Defendants state that there are no factual allegations to which they need to respond.

769.   With regard to paragraph 769, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 769 contains any factual allegations, Defendants deny them.

770.   With regard to paragraph 770, Defendants deny the factual allegations therein.

771.   With regard to paragraph 771, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 771 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

772.   With regard to paragraph 772, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 772 contains any factual allegations, Defendants deny them.

## EIGHTEENTH CLAIM FOR RELIEF
## COMMON LAW FRAUD

773.   Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

774.   With regard to paragraph 774, Defendants state that there are no factual allegations to which they need to respond.

775.   With regard to paragraph 775, Defendants deny the factual allegations therein.

776.   With regard to paragraph 776, Defendants deny the factual allegations therein.

777.   With regard to paragraph 777, Defendants deny the factual allegations therein.

778.   With regard to paragraph 778, Defendants are without sufficient information to either admit or deny the factual allegations therein, and therefore deny them.

779.   With regard to paragraph 779, Defendants state that it calls for a legal conclusion and no response is required.

780.   With regard to paragraph 780, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 780 contains any factual allegations, Defendants deny them.

781.   With regard to paragraph 781, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 781 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

782.   With regard to paragraph 782, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 782 contains any factual allegations, Defendants deny them.

## NINETEENTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

783.   Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

784.   With regard to paragraph 784, Defendants state that there are no factual allegations to which they need to respond.

785.   With regard to paragraph 785, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 785 contains any factual allegations, Defendants deny them.

786.   With regard to paragraph 786, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 786 contains any factual allegations, Defendants deny them.

787.   With regard to paragraph 787, Defendants deny the factual allegations therein.

788.   With regard to paragraph 788, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 788 contains any factual allegations, Defendants deny them.

789.   With regard to paragraph 789, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 789 contains any factual allegations, Defendants deny them and hold Plaintiffs to their strictest burden of proof.

790.   With regard to paragraph 790, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 790 contains any factual allegations, Defendants deny them.

**TWENTIETH CLAIM FOR RELIEF**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

791.  Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

98

792.   With regard to paragraph 792, Defendants state that there are no factual allegations to which they need to respond.

793.   With regard to paragraph 793, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 793 contains any factual allegations, Defendants deny them.

794.   With regard to paragraph 794, Defendants deny the factual allegations therein.

795.   With regard to paragraph 795, Defendants deny the factual allegations therein.

796.   With regard to paragraph 796, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 796 contains any factual allegations, Defendants deny them.

797.   With regard to paragraph 797, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 797 contains any factual allegations, Defendants deny them.

798.   With regard to paragraph 798, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 798 contains any factual allegations, Defendants deny them.

## TWENTY-FIRST CLAIM FOR RELIEF
## <u>MEXICAN FEDERAL LABOR LAW</u>

799.   Defendants incorporate their responses to the preceding paragraphs of Plaintiffs' Amended Complaint as if fully restated therein.

800.   With regard to paragraph 800, Defendants state that there are no factual allegations to which they need to respond.

801.   With regard to paragraph 801, Defendants state that it calls for a legal conclusion and no response is required.

802.   With regard to paragraph 802, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 802 contains any factual allegations, Defendants deny them.

803.   With regard to paragraph 803, Defendants state that it calls for a legal conclusion and no response is required. To the extent paragraph 803 contains any factual allegations, Defendants deny them.

804.   With regard to paragraph 804, Defendants deny the factual allegations therein.

805.   With regard to paragraph 805, Defendants deny the factual allegations therein.

## **AFFIRMATIVE DEFENSES**

1.   Defendants affirmatively allege pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted against the Defendants.

2.   Plaintiffs' claims against Defendants must be dismissed to the extent the Court lacks subject matter and/ or supplemental jurisdiction over those claims.

3.   Plaintiffs' claims may be barred in whole or in part by the equitable doctrines of waiver, latches, and/or estoppel.

4.      Plaintiffs' claims for unjust enrichment, promissory estoppel, and other forms of equitable relief are barred because Plaintiffs have an adequate and complete remedy at law.

5.      Plaintiffs' claims are barred, in whole or in part, by their failure to plead the fraud or misrepresentation allegations against Defendants with the requisite specificity and therefore cannot establish the elements of their claims.

6.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

7.      Plaintiffs' Amended Complaint is barred in whole or in part because of the applicable statutory requirements.

8.      If Plaintiffs suffered the damages alleged, which Defendants expressly deny, Defendants did not wrongfully cause Plaintiffs' damages.

9.      Plaintiffs' claims are barred in whole or in part by their failure to mitigate their damages or injuries, if any.

10.     If Defendants committed any wrongdoing, which Defendants expressly deny, Plaintiffs' recovery is barred by ratification.

11.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, settlement, and/or payment and release.

12.     Plaintiffs' claims are barred, in whole or in part, because they failed to exhaust internal and/or administrative remedies.

13.     Plaintiffs' state law claims are preempted, in whole or in part, by the FLSA.

14.    Some or all of Plaintiffs' claims are barred, in whole or in part, by statutory exclusions, exceptions or credits under the FLSA and/or state law.

15.    Plaintiff's FLSA claims are barred in whole or in part, by 29 U.S.C. § 259 because Defendants actions were based upon a good-faith reliance on regulations, orders, rulings, interpretations, and enforcement policies of the U.S. Department of Labor.

16.    Plaintiff's FLSA claims are barred in whole or in part by 29 U.S.C. § 260 because Defendants acted in good faith, and had reasonable grounds to believe that they committed no violation of federal law.

17.    Plaintiffs cannot recover against Defendants Rochelle and James Waknitz, and Teejay Reinke because they were not Plaintiffs' employer.

18.    All activities of Defendants alleged in Plaintiffs' Amended Complaint were conducted with the permission, express and implied, of Plaintiffs, and other parties, persons, and entities.

19.    The Amended Complaint and each of the alleged claims for relief therein, are barred in whole or in part by Plaintiffs' agreement and consent to the compensation system that is the subject of the Amended Complaint.

20.    Defendants paid Plaintiffs all amounts to which they are entitled.

21.    Even if Defendants were found liable for overtime pay, which Defendants expressly deny, Plaintiffs would be entitled to no more than one half their rate of pay for any overtime hours worked.

22.     Pursuant to Minn. Stat. § 177.23 Subd. 7 (13), Defendants are exempt from the overtime requirements of § 177.25.

23.     With respect to Plaintiffs' RICO claim, Plaintiffs' claims are barred, in whole or in part, for failure of proximate cause.

24.     Plaintiffs' claims fail, in whole or in part, because there was not conspiracy.

25.     With respect to the Plaintiffs' claims, Plaintiffs did not rely on any alleged misstatements or misrepresentations, and to the extent they did such reliance was not reasonable or justifiable.

26.     Any acts or omissions by Defendants that may be found in violation of the rights afforded by the FLSA were not willful, knowing or in reckless disregard, but instead occurred in good faith and with reasonable grounds for believing that Defendants were in full compliance with the FLSA, and in reliance on administrative regulations, orders, rulings, interpretations, practices, or enforcement policies.

27.     Pursuant to 29 U.S.C. § 213(a)(3), Defendants are exempt from the minimum wage and maximum hour requirements of § 206.

28.     To the extent Plaintiffs are entitled to damages or penalties, Defendants are entitled to an offset for any overpayment of wages or other consideration previously provided to Plaintiffs.

29.     Even if Plaintiffs' prevailed on their FLSA claims, they are not entitled to civil penalties because Defendants' alleged FLSA violations are *de minimus*.

30.     Some or all of the disputed time for which Plaintiffs seek recovery of wages purportedly owed is not compensable pursuant to the *de minimus* doctrine.

103

31.    Plaintiffs' claims are barred to the extent they seek remedies beyond those provided for by the FLSA and/or applicable state laws.

32.    Plaintiffs' Amended Complaint fails because Defendants did not have the requisite intent to induce Plaintiffs to act in reliance on any alleged statements or representations.

33.    Plaintiffs Amended Complaint fails because any representations or statements made by Defendants did not cause Plaintiffs to act in reliance thereon.

34.    Plaintiffs' demands for punitive damages in their Amended Complaint is in violation of Minn. Stat. § 549.191 and should be stricken from the Amended Complaint.

35.    Liquidated damages, punitive damages, penalties and/or attorneys' fees awards are not available for certain claims asserted.

36.    Plaintiffs' claims for any record keeping violations should be denied because there is a good faith dispute as to whether any wages are due or records were required to be kept.

37.    Plaintiffs' claims, all of which are expressly denied, are barred by the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which the Plaintiffs were engaged in activities that were preliminary or subsequent to their principal activities.

38.    Plaintiffs claimed damages are barred to the extent the cited statutes do not permit the relief requested.

39.    Defendants demand a trial by jury on each asserted claim and on each defense.

40.     Defendants reserve the right to amend this Answer and assert additional affirmative defenses which may be learned as discovery proceeds.

41.     Finally, as a separate and alternative defense to Plaintiffs' Amended Complaint, these answering Defendants allege that the claims contained within the Amended Complaint may be barred by any and all of the Affirmative Defenses contemplated by Rule 8 (c) (1) of the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered, Defendants MIDWEST RIDES and Concessions, Inc., Mad-Jax Amusements, Inc., d/b/a Midwest Rides and Concessions, James Waknitz, Rochelle Waknitz, and Teejay Reinke respectfully request that Plaintiffs' Amended Complaint be dismissed with prejudice; that the Court award nothing on the claims for relief and damages asserted herein; and that the Court award Defendants their costs, attorneys' fees, and all further relief to which it may be entitled and which the Court deems just, proper, and appropriate.

Dated:  September 9, 2016          HENNINGSON & SNOXELL, LTD.

s/Mark V. Steffenson
Mark V. Steffenson (#178457)
6900 Wedgwood Road, Suite 200
Maple Grove, MN 55311
(763) 560-5700
msteffenson@hennsnoxlaw.com

And

105

Dated:  September 9, 2016   GRAY ROBINSON, P.A.

          s/Terrance W. Anderson, Jr.
          Terrance W. Anderson, Jr. (#27426 FL)
          333 S.E. 2nd Avenue, Suite 3200
          Miami, Florida 33131
          (305) 913-0358
          twanderson@gray-robinson.com


ATTORNEYS FOR DEFENDANTS MIDWEST RIDES AND CONCESSIONS, INC., MAD-JAX AMUSEMENTS, INC., D/B/A MIDWEST RIDES AND CONCESSIONS, JAMES WAKNITZ, ROCHELLE WAKNITZ, AND TEEJAY REINKE